UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sepia Vonnetta Blackstock, | C/A No. 4:17-cv-03068-RBH-KDW |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Magnolia Health Care, | |
| Defendant. | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.  Factual Background

Sepia Blackstock ("Plaintiff") alleges that a doctor who she went to see and his nurse did not provide her with the medication and referrals in a timely fashion. According to Plaintiff, she visited the doctor's office on September 5, 2017, but she did not receive some of the requested medication and the referral until "after September 13, 2017." ECF No. 1 at 9. Plaintiff alleges that she did not receive an asthma inhaler that she requested at all. She asserts that she has suffered serious effects on her health from not having her inhaler. She alleges that the nurse who she was in contact with "is guilty of misconduct." *Id*. at 10. Plaintiff seeks $30,000.00 in damages for "malpractice and misconduct." *Id*. at 4. Plaintiff asserts that this case is brought under federal-question jurisdiction and includes numerous unintelligible sets of numbers which

are possibly improperly formulated citations to State of South Carolina statutes—but which are clearly not federal statutes—as being "at issue in this case." ECF No. 1 at 3, 5-6.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal

2

district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III. Discussion

The mere mention of a federal statute in a complaint does not create federal-question jurisdiction. *Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir. 1994). Rather, federal-question jurisdiction requires that a party assert a substantial federal claim. *Hagans v. Lavine*, 415 U.S. 528, 536 (1976); *see also Baker v. Carr*, 369 U.S. 186, 199 (1962) (holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous). Here, Plaintiff's allegations are wholly inadequate to allege a substantial federal claim. As a result, this case should be summarily dismissed.

In order for this court to hear and decide a case, the court must, first, have jurisdiction over the subject matter of the litigation. This federal court has an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This is so even when the parties "either overlook or elect not to press" the issue, *Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011), or attempt to consent to a court's jurisdiction. *See Sosna v. Iowa*, 419 U.S. 393, 398 (1975). Our obligation to examine our subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *American Fire & Cas. Co. v. Finn*, 341

U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this court's limited jurisdiction, and there is no other basis for federal jurisdiction evident on the face of the pleading.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between─
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn.13-16 (1978). This court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by Plaintiff when she filed her Complaint, both Plaintiff and Defendant are residents of South Carolina.[1] Furthermore, Plaintiff's allegations would not be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, which is another reason

---

[1] Even though Defendant appears to be corporate or business entity and not a human being, it is still a "resident" of South Carolina as that term is legally understood. *See Huggins v. Winn-Dixie Greenville, Inc.*, 233 F.Supp. 667, 669 (D.S.C. 1964).

why diversity jurisdiction is unavailable in this case.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this court's "federal question" jurisdiction. Plaintiff's Complaint involves a routine medical malpractice dispute. Generally, such disputes are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See, e. g.*, *Hardee v. Bio-Medical Applications of S.C., Inc.*, 636 S.E.2d 629 (S.C. 2006); *David v. McLeod Reg'l Med. Ctr.*, 626 S.E. 2d 1 (S.C. 2006); *Jones v. Doe,* 640 S.E. 2d 514 (S.C. Ct. App. 2006); *Ardis v. Sessions*, 633 S.E.2d 905 (S.C. Ct. App. 2006).

Plaintiff's allegations do not contain any reference to alleged violation of any federal statute or constitutional provision by Defendant, nor is any type of federal-question jurisdiction otherwise evident from the face of the Complaint. The improperly cited and indecipherable groups of numbers that Plaintiff includes in her pleading do not satisfy Plaintiff's burden of showing that that federal issues are involved in her medical malpractice claims. It is unclear what kind of statutes those numbers represent and, thus, they cannot support application of federal-question jurisdiction to claims that are state-law based ordinarily. Even if Plaintiff had made assertions that federal rights were violated, this court would not be bound by such allegations and would be entitled to disregard them if the facts did not support Plaintiff's contentions. When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v.*

*Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); *see Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908). *Cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) (federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."). Thus, even though Plaintiff asserts that her Complaint was filed under federal-question jurisdiction, this court may disregard those assertions where no plausible federal question is presented.

Additionally, purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Plaintiff does not cite to either 42 U.S.C. § 1983 or the Fourteenth Amendment in her Complaint, nor does she claim that the Defendant, a private corporation, violated her constitutional rights. Even if she had included such allegations, however, they would not establish "federal question" jurisdiction over this case because there are no additional allegations of "state action" in connection with the medical care of which Plaintiff complains. Therefore, even if the Complaint could be liberally construed to "imply" an allegation of constitutional rights violations by the private Defendant, such implied interpretation would not establish "federal question" jurisdiction in this case. In the absence of either diversity or federal-question

jurisdiction over the parties' dispute, this case should be summarily dismissed without issuance of process for Defendant.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice. See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

January 2, 2018  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).